```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

UNITED STATES OF AMERICA, §
§
      Plaintiff, §
§
v. §   CRIMINAL NUMBER H-07-21
§
NORMAN LEE GRIFFIN, §   (Civil Action No. H-08-3130)
§
      Defendant. §

### MEMORANDUM OPINION AND ORDER

Defendant, Norman Lee Griffin, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 50), together with a Brief in Support (Docket Entry No. 51). Pending before the court is the Motion to Dismiss of the United States (Docket Entry No. 56), to which Griffin has filed a Reply (Docket Entry No. 57).

Griffin pled guilty to odometer tampering in violation of 49 U.S.C. § 32703(2) and 32709(b). In his Plea Agreement Griffin waived the right "to contest his conviction or sentence by means of any post-conviction proceeding". Plea Agreement, par. 7 at page 4 (Docket Entry No. 15). At sentencing the court concluded that Griffin's total offense level was 21, his criminal history category was II, and his advisory guideline range was 41-51 months in prison. The court sentenced Griffin to 36 months in prison, the statutory maximum sentence. (Amended Judgment Docket No. 48).

In his pending motion Griffin argues that his sentence was unreasonable and the probation officer's calculation of the estimated

loss was improper (Docket Entry No. 50, Grounds 1 and 2.)  He also argues that his trial counsel was ineffective in failing to research the law and facts concerning his sentencing guideline calculations and the potential sentencing disparity that he faced.  Id. at Ground 4.

The government has moved to dismiss Griffin's motion as barred by the waiver contained in his Plea Agreement.  Griffin argues in Ground 3 of his motion (Docket Entry No. 50, page 8) that the waiver should not be enforced because his counsel did not fully inform him of the potential ramifications of his guilty plea.  This argument by Griffin has no merit for a number of reasons.  First, the Plea Agreement expressly states:

> 8.   In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court.  The defendant is also aware that any estimate of the possible sentence range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce his guilty plea**, and is not binding on the United States, the Probation Office or the Court.  The United States does not make any promise or representation concerning what sentence the defendant will receive.

Likewise, paragraph 9 of the Plea Agreement states:

> 9.   The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

(Plea Agreement Docket Entry No. 15 at pages 8, 9).

In the Addendum to his Plea Agreement Griffin stated:

> "I have read and carefully reviewed every part of this Plea Agreement.  I understand the agreement and I voluntarily agree to its terms."

(Addendum to Plea Agreement, Docket Entry No. 15 at page 13).

At Griffin's rearraignment the court carefully explained the waiver provision of the Plea Agreement.

> The agreement provides that you will plead guilty to Count 1, which I previously described, but also acknowledges that although you would normally have a right to appeal the sentence imposed, or the manner in which it was determined, that you waive or give up your right to appeal, except in the limited situation of a sentence above the statutory maximum.  You also waive your right to contest your conviction or sentence by means of any post conviction proceeding.
>
> Have you discussed with your attorney giving up your right to an appeal, and giving up your right to collaterally attack your conviction or sentence?
>
> THE DEFENDANT.  Yes, Your Honor.
>
> THE COURT:  And in return for the promises made by the government, do you wish to give up these rights?
>
> THE DEFENDANT.  Yes, Sir.

(Transcript of Rearraignment, Docket Entry No. 26 at pages 8-9).

The court also explained in great detail the process of determining Griffin's sentence, and in particular, the binding nature of his Plea Agreement.

> The maximum sentence that you face is three years in prison and a fine of $250,000, and one year of supervised release, and a $100 special assessment. No determination has been made as to what your sentence will be.  If I accept your plea, a probation officer will interview you, investigate the facts of the case, and prepare a presentence report.  You will have a chance to read the report and object to it if you wish.

3

> At the time of your sentencing, I will rule on any objections you may have, and then I will determine your advisory guideline range and your sentence. What you need to understand today about the process of determining your sentence is that this process has not yet begun. That means no one knows what the probation officer will recommend in the report, or what advisory guideline range I will find applicable. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: If the sentence that I should impose is greater than what you now anticipate, or what your attorney or anyone else may have predicted, you will be bound by your guilty plea today, regardless of the sentence. You will not be allowed to change your mind and withdraw your guilty plea because you are not dissatisfied with your sentence. Do you understand that.
>
> THE DEFENDANT. Yes Your Honor.

Id. at pages 5-6.

The court also discussed with Griffin the provisions of his Plea Agreement dealing with sentencing guideline calculations.

> Now, there are a number of recommendations contained in Paragraph 13 that deal with guideline application issues. Those are merely recommendations by the government with respect to the positions that it will take on the guideline issues. You need to understand those promises by the government to make certain recommendations are not binding on the probation officer or the Court. And should the probation officer find that those recommendations are not accurate, and should I find that those recommendations are not accurate, and should the probation officer or I make other guideline determinations, you have no remedy because these are only recommendations by the government. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

Id. at page 9.

After receiving Griffin's assurances that he understood that no

4

determination had been made by the probation officer or the court as to Griffin's guideline calculations or his sentence, and that his waiver was made knowingly and voluntarily, the court accepted the Plea Agreement.

The court concludes that Griffin's waiver should be enforced. Although he now claims that he did not fully appreciate the number of vehicles that could be used to determine his advisory guideline range, the court expressly warned him that no determination had been made about his guideline range, that the probation officer would investigate the facts of the case and prepare a presentence report, and that the court would make its own independent determination of his guideline range and sentence. Griffin has a college education and many years experience in business. Having been expressly warned of the potential and consequences of his waiver, the court will not now allow Griffin to disavow it.

Moreover, even if Griffin's waiver did not preclude him from pursuing this § 2255 action, the government's motion to dismiss would be granted on the merits of Griffin's claims. His first two grounds for relief complain of alleged errors the probation officer and the court made in determining his guideline range, and in particular, his total offense level. It is well established, however, that challenges to the court's application of the sentencing guidelines are not actionable in a § 2255 proceeding. <u>See</u> <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992).

Nor does Griffin's conclusory claim about the ineffective assistance of his counsel have any merit. The crux of his ineffective assistance claim is that a number of vehicles that were used to calculate his total offense level should have been excluded. In his Brief (Docket Entry No. 51) he asserts:

> "There are 43 of the 66 vehicles that are 'exempt' from the mileage reporting requirements. The 23 vehicles which were 'not exempt' from the reporting requirements should be the only vehicles considered in Movant's sentence."

Id. at 2. In his Plea Agreement, however, Griffin and the United States agreed that "[t]he conduct involved fifty or more victims of odometer fraud pursuant to U.S.S.G. Section 2B1.1(b)(2)(B)." (Plea Agreement, Docket Entry No. 15, paragraph 13.3 at page 7). After Griffin's rearraignment he substituted new counsel who represented him at his sentencing. His new counsel filed Objections to the Presentence Report (Docket Entry No. 27) and a Sentencing Memorandum (Docket Entry No. 37). Griffin's counsel objected to the loss calculation and to Griffin's criminal history category. Although Griffin's counsel did not object to inclusion of the 43 vehicles complained of by Griffin, Griffin has not provided any credible basis on which an objection could have been lodged.[1] The court therefore

---

[1] In his Brief (Docket Entry No. 51 at page 2) and his Reply (Docket Entry No. 57 at page 2) Griffin cites "United States v. Griffith, 344 F.3d 320 (5th Cir. 2003)" for the proposition that the probation officer erred in calculating the number of victims and the total loss amount. No such case appears at page 320 of volume 344 of the Federal Reporter, Third Series (or anywhere else in that

concludes that Griffin's complaint of ineffectiveness has no merit because he has not shown that his counsel's alleged error prejudiced him. The court concludes that even if Griffin's waiver of his right to collaterally attack his sentence were enforceable his motion has no merit.

For all of the foregoing reasons, the government's Motion to Dismiss (Docket Entry No. 56) is **GRANTED** and Griffin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 50) is **DISMISSED with prejudice**.

**SIGNED** at Houston, Texas, on this the 29th day of December, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

volume). United States v. Griffith, 344 F.3d 714 (7th Cir. 2003), affirmed a district court's upward departure from the sentencing guidelines in a child pornography case. The court has found several other appellate opinions styled United States v. Griffith, but in none of these opinions was the sentencing court reversed because of an error in guideline calculations.